KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
I write separately to address the district court’s grant of summary judgment. In *745 my view, the district court’s decision is supported by the simple fact that plaintiffs failed to address defendants’ public health, safety, and welfare rationales for introducing the Act.
Under the burden-shifting framework announced in City of Los Angeles v. Alameda Books, Inc., defendants have the initial burden of putting forth “any evidence that is ‘reasonably believed to be relevant’ for demonstrating a connection between speech and a substantial, independent government interest.” 535 U.S. 425, 438,122 S.Ct. 1728, 152 L.Ed.2d 670 (2002) (quoting City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 51-52, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986)). Then the burden shifts to plaintiffs to “cast direct doubt on this rationale, either by demonstrating that [defendants’] evidence does not support [their] rationale or by furnishing evidence that disputes [defendants’] factual findings.” Id. at 438-39, 122 S.Ct. 1728. “If plaintiffs succeed in casting doubt on [defendants’] rationale in either manner, the burden shifts back to [defendants] to supplement the record with evidence renewing support for a theory that justifies [the Act].” Id. at 439, 122 S.Ct. 1728. This case concerns the second step, when the burden is on plaintiffs.
As both the district court and majority opinion note, our cases make clear that “evidence suggesting that a different conclusion is also reasonable does not prove that the County’s findings were impermissible or its rationale unsustainable.” Richland Bookmart, Inc. v. Knox County, 555 F.3d 512, 527 (6th Cir.2009). With this, both opinions hold that summary judgment was appropriate. To me, relying on this proposition of law to grant summary judgment in favor of defendants undermines the wisdom of the burden-shifting mechanism. Frankly, it is exceptionally unclear from our cases what evidence plaintiffs needed to present to raise a genuine issue of material fact as to whether they have cast doubt on defendants’ rationale for introducing the Act. Given this uncertainty, I think that the issue is more suited for trial than summary judgment.
Noting this concern, I would nonetheless affirm the district court’s grant of summary judgment because plaintiffs failed to present any evidence that casts doubt on the public health, safety, and welfare rationales for introducing the Act. The district court aptly noted in granting summary judgment in favor of defendants:
Dr. Linz analyzed studies on property values and crime relied on by the County and the State. Dr. Linz’ critiques and supplemental studies did not extend to the spread of sexually transmitted diseases or any other public health, safety, and welfare issues, and Plaintiffs submitted no other evidence to counter the County’s and State’s concerns on those issues. As such, Plaintiffs have failed to shift the burden of proof from themselves back to the County with regard to the City’s public health concerns.
R. 123 (9/29/09 D. Ct. Order at 13) (Page ID # 4727). Given that plaintiffs failed to raise any doubt on the public health, safety, and welfare rationales for adopting Act, plaintiffs failed to shift the burden back to defendants. See 81 Video/Newsstand, Inc. v. Sartini, 455 Fed.Appx. 541, 552 (6th Cir.2011), cert. denied, — U.S.—, 132 S.Ct. 1637, 182 L.Ed.2d 234 (2012) (“Linz’s testimony and studies fail to cast doubt on the entire body of evidence relied on by the General Assembly, including those secondary-effects studies not discussed by Linz and the significant quantity of other types of evidence relied on by the Legislature with which Linz does not engage, including prior court decisions, news reports, and anecdotal testimony by law enforcement officials and others.”); see also *746 Heideman v. South Salt Lake City, 165 Fed.Appx. 627, 631-32 (10th Cir.2006) (“Simply put, the record does not contain any evidence to counter the City’s concern over unsanitary conditions or the possibility of public health concerns associated with unregulated nude conduct in adult business establishments.... Accordingly, Plaintiffs failed to shift the burden of proof from themselves back to the City.”). Instead of heightening plaintiffs’ burden at summary judgment to meet some unknown (or perhaps unattainable) evidentiary burden to create a genuine issue of material fact as to whether they have cast doubt on defendants’ rationale, I would hold simply that plaintiffs were required to cast doubt on each rationale presented by defendants. Because plaintiffs failed to address all of defendants’ rationales, the district court did not err in granting summary judgment in favor of defendants, and therefore I concur in the judgment.